UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



———————————————

SECURITIES AND EXCHANGE COMMISSION, :

             Plaintiff, :

       -against- :

SCOTT ALLEN and :
JOHN MICHAEL BENNETT :

         Defendants, :    **ECF CASE**

       -and- :

BRIDGET LEARY BENNETT, :

      Relief Defendant. :

———————————————

## FINAL CONSENT JUDGMENT AS TO DEFENDANT JOHN MICHAEL BENNETT

    The Securities and Exchange Commission having filed a Complaint (the "Complaint")

and defendant John Michael Bennett ("Bennett" or "Defendant") having entered a general

appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this

action; consented to entry of this Final Consent Judgment; waived findings of fact and

conclusions of law; and waived any right to appeal from this Final Consent Judgment:

### I.

    **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, singly or in concert,

Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

(a)     purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has

reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person or such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b)    communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

(i)    to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

(ii)    to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners,

employees or advisors or to other persons involved in the

planning, financing, preparation or execution of the

activities of the issuer with respect to such tender offer; or

(iii)     to any person pursuant to a requirement of any statute or

rule or regulation promulgated thereunder.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is

liable for the disgorgement of $1,118,000 in ill-gotten gains received as a result of the conduct

alleged in the Complaint, to be offset by the judgment in <u>United States v. Bennett</u>, 11:CR-00927

(DAB), (the "Parallel Criminal Action") in which Defendant was criminally charged with

engaging in the conduct that is alleged in the Commission's Complaint and, in part, ordered to

forfeit $1,118,000.  As a result, Defendant is not additionally liable in the Commission's action

for disgorgement.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that based on the

sentence that Defendant received pursuant to his guilty plea in the Parallel Criminal Action the

Court is not ordering Defendant to pay a civil monetary penalty.

**V.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Consent Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**VII.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Consent Judgment.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there being no just

reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is

ordered to enter this Final Consent Judgment forthwith and without further notice.

Dated: _April 3____, 2017_

_Deborah A. Batts_
UNITED STATES DISTRICT JUDGE

## CONSENT OF DEFENDANT JOHN MICHAEL BENNETT

1.  Defendant John Michael Bennett ("Bennett" or "Defendant") acknowledges having been served with the summons and the complaint in this action (the "Complaint"), enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  Defendant has pleaded guilty to criminal conduct relating to the matters alleged in the Complaint. Specifically, in <u>United States v. Bennett,</u> 11:CR-00927 (DAB)(the "Parallel Criminal Action"), Defendant pled guilty to one count of conspiracy to commit securities fraud and seven counts of securities fraud.

3.  Defendant hereby consents to the entry of the Final Consent Judgment in the form attached hereto (the "Final Consent Judgment") and incorporated by reference herein, which among other things:

   a.  Permanently restrains and enjoins Defendant from violation of Sections 10(b) and 14(e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5 and 14e-3 thereunder [17 C.F.R. § 240.10b-5]; and

   b.  Orders Defendant to pay disgorgement in the amount of $1,118,000 in ill-gotten gains received as a result of the conduct alleged in the Complaint, to be offset by the judgment in the Parallel Criminal Action in which Defendant was criminally charged with engaging in the conduct that is alleged in the Commission's Complaint and, in part, ordered to forfeit $1,118,000. As a result, Defendant is not additionally liable in the Commission's action for disgorgement.

7

4.     Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Consent Judgment or any other consent judgment executed by them, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Consent Judgment or any other consent judgment executed by him, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Consent Judgment.

7.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.     Defendant agrees that this Consent shall be incorporated into the Final Consent Judgment with the same force and effect as if fully set forth therein.

9.     Defendant will not oppose the enforcement of the Final Consent Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant waives service of the Final Consent Judgment and agree that entry of the Final Consent Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Consent Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Consent Judgment.

11.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint.

12.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant recognizes the circumstances of his guilty plea described in paragraph 2 and (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Consent Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Consent Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

10

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     Defendant agrees that the Commission may present the Final Consent Judgment to the Court for signature and entry without further notice.

15.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Petrello's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

16.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Consent Judgment.

Dated: _Feb 22, 2017_    _____
                                      John Michael Bennett

    On _February 22_, 2017 _John M. alval Bennett_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

                                      _____
                                      Notary Public
                                      Commission expires: _10/3./19_

Approved as to form:

_____
Henry E. Mazurek
Clayman & Rosenberg LLP
305 Madison Avenue, Suite 1301
New York, New York 10165
Tel. 212.922.1080
Fax 212.949.8255

Marcos de Jesus
Notary Public
My Commission Expires 10/31/2019

12